STATE OF CONNECTICUT *v.* CASMIER ZUBROWSKI
(SC 17942)

Rogers, C. J., and Norcott, Katz, Zarella and Schaller, Js.

Argued September 18—officially released October 21, 2008

*Daniel J. Krisch,* special public defender, with whom were *Kenneth J. Bartschi* and, on the brief, *Philip C. Pires,* certified legal intern, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Scott J. Murphy*, state's attorney, and, on the brief, *Kevin Murphy*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Casmier Zubrowski, appeals, following our grant of his petition for certification, from the judgment of the Appellate Court affirming his conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a.[1] *State* v. *Zubrowski*, 101 Conn. App. 379, 921 A.2d 667 (2007).

On appeal to the Appellate Court, the defendant claimed that the trial court improperly had (1) denied his motion to suppress statements he had made to police, (2) instructed the jury as to the effects of medication and alcohol on his ability to form the specific intent to kill[2] and (3) admitted evidence of his prior misconduct. The Appellate Court rejected those claims in a comprehensive opinion. Id., 388, 392, 396. We subsequently granted the defendant's petition for certification limited to the following issue: "Did the Appellate Court improperly hold that the admission of an oral statement made by the defendant, while being subjected to custodial interrogation by a Bristol police officer, was harmless beyond a reasonable doubt?" *State* v. *Zubrowski*, 283 Conn. 912, 928 A.2d 539 (2007).

On appeal to this court, the defendant claims that the Appellate Court improperly concluded that the

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[2] An individual's intoxication may negate the specific intent to violate § 53a-54a. *State* v. *Austin*, 244 Conn. 226, 239, 710 A.2d 732 (1998) ("[w]hile intoxication is neither a defense nor an affirmative defense to a murder charge in Connecticut, evidence of a defendant's intoxication is relevant to negate specific intent which is an essential element of the crime of murder" [internal quotation marks omitted]).

admission of his statement was harmless beyond a reasonable doubt because the state expressly had relied on that statement to prove his intent to kill and the other evidence establishing that intent was not overwhelming.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.